# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JASON THOMAS CORNETTE,

        Plaintiff,

        v.

L. ALTEPETER, N. SAILER, and MATT NOLAN,

        Defendants.

Case No. 4:24-cv-00015-SLG

## SCREENING ORDER

On May 2, 2024, self-represented prisoner, Jason Thomas Cornette, filed a civil rights complaint, a civil cover sheet, and an application to waive prepayment/payment of the filing fee.[1] The Court issued its Standing Order for Civil Rights Cases Filed by Self-Represented Prisoners on May 6, 2024.[2]

The Court has screened Mr. Cornette's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Mr. Cornette's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint at Docket 1 is **DISMISSED**. However, Mr. Cornette is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

---

[1] Dockets 1–3.

[2] Docket 4.

## BACKGROUND

Mr. Cornette (hereinafter "Plaintiff") alleges Defendants Altepeter, Sailer, and Nolan violated his statutory rights under Alaska Statute 09.45.060 and his constitutional rights to bear arms and to be free from unreasonable search and seizure.[3] Plaintiff alleges that he "was made to be a criminal in my own home" on multiple dates in the winter of 2023–2024, but that he "cooperated with all law enforcement" and "kindly told them they were trespassing."[4] Plaintiff alleges that on January 16, 2024, "at 1222 Vail Circle, Fairbanks, AK Troopers Altepeter and Sailer, acting with information provided from Matt Nolan, gained forcible entry upon my realty using flashbang devices plus glass breaker ammunition sho[]t out my window."[5] Plaintiff further alleges that Defendants Altepeter and Sailer "illegally seiz[ed] primitive weapons and charg[ed] me for firearm, when weapon clearly stated, black powder only."[6]

Plaintiff asserts that Defendants' actions subjected him to a "survival situation and [he] was ordered to leave [his] home on private land at minus -12 degrees and dropped at the end of [his] road."[7] He alleges that he set up a tent "1,000 feet in my property to abide by the order" and set up his woodstove inside

---

[3] Docket 1 at 3.

[4] Docket 1 at 5.

[5] Docket 1 at 4.

[6] Docket 1 at 4.

[7] Docket 1 at 5.

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 2 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 2 of 19

the tent to avoid "freezing to death."[8] Plaintiff alleges that because of these conditions, he was physically harmed, because he "defecated on [him]self and almost froze to death [and his] eyes burnt from woodsmoke."[9] He further articulates that he is "now working on his third month in jail, time [he] can never get back."[10]

For relief, Plaintiff would like "the officers either suspended or fired"; and Defendant Nolan "criminally charged for acts of tort."[11] Plaintiff further requests $150,000.00 in damages from each defendant.[12]

The Court notes that Plaintiff has three recent criminal matters in state court. First, *State of Alaska v. Jason Thomas Cornette*, Case No. 4FA-24-00119CR, where he was convicted of Assault in the Fourth Degree after a Jury Trial on July 23, 2024. Second, *State of Alaska v. Jason Thomas Cornette*, Case No. 4FA-24-00113CR, where he was convicted of Violating a Stalking or Sex Assault Protective Order and acquitted of two counts of Third Degree Weapons violations after a Jury Trial on October 15, 2024. Lastly, *State of Alaska v. Jason Thomas Cornette*, Case No. 4FA-24-00183CR, where he was convicted of Theft in the Fourth Degree after a Jury Trial on June 11, 2024. Pursuant to Rule 201 of the Federal Rules of

---

[8] Docket 1 at 5.

[9] Docket 1 at 5.

[10] Docket 1 at 5.

[11] Docket 1 at 5.

[12] Docket 1 at 5.

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 3 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 3 of 19

Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[13]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the filing fee has been paid.[14] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

>    (i)   is frivolous or malicious;
>
>    (ii)  fails to state a claim on which relief may be granted; or
>
>    (iii) seeks monetary relief against a defendant who is immune from such relief.[15]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[16] Before a court may dismiss any portion of a complaint, a court must provide the

---

[13] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); See also *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[14] 28 U.S.C. §§ 1915, 1915A.

[15] 28 U.S.C. § 1915(e)(2)(B).

[16] *See Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 4 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 4 of 19

plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[17] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[18]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[19] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[20]

## DISCUSSION

Plaintiff alleges violations of state law and his federal constitutional rights. For the reasons discussed below, the Complaint at Docket 1 does not plead sufficient factual details that if proven true, would state a claim upon which relief may be granted. Therefore, the Court must dismiss the Complaint, but grants Plaintiff leave to file an amended complaint in accordance with the guidance in this Screening Order.

---

[17] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[18] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[19] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[20] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 5 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 5 of 19

## I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[21] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[22]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[23] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[24] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[25] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[26] Rule 8 requires "simplicity, directness, and clarity,"

---

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[22] *Ashcroft*, 556 U.S. at 678.

[23] Fed. R. Civ. P. 8(a)(2).

[24] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[25] *Id.* (internal quotation marks and citation omitted).

[26] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 6 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 6 of 19

such that a defendant should easily be able to determine "what he is being sued for."[27]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[28] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[29] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[30]

For the reasons set forth below, the Complaint fails to state claim upon which relief can be granted.

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[31]

---

[27] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996)

[28] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

[29] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[30] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[31] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 7 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 7 of 19

A. Proper Defendants and Causation

A defendant in a civil rights lawsuit must be a "person" who acted under the color of state law.[32] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[33] To fulfill this requirement of Section 1983, a complaint must allege that the defendant acted with state authority as a state actor.[34] Generally, law enforcement officers are persons for the purposes of Section 1983.[35] Private citizens are not state actors unless their actions can be "fairly attributable to the State."[36] The Complaint infers that Defendants Altepeter or Sailor were acting under the color of state law, because of the referenced law enforcement titles. However, the Complaint contains no reference or discussion about Defendant Nolan. As plead, the Complaint does not claim that Defendant Nolan acted under the color of state law and, therefore, fails to sufficiently state a claim against Defendant Nolan.

---

[32] 42 U.S.C. § 1983.

[33] *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal citations omitted); *see also Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

[34] *Id.* (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[35] *See generally Rice v. Morehouse*, 989 F.3d 1112 (9th Cir. 2021).

[36] *Lugar v. Edmondson Oil Co.,* 457 U.S. 922 (1983); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139–40 (9th Cir. 2012) (describing four tests to evaluate private actions in the context of Section 1983).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 8 of 19

A plaintiff must allege that he suffered a specific injury as a result of the conduct of a state actor, and the plaintiff must allege an affirmative link between the plaintiff's injury and the conduct of that defendant that caused his injury.[37]

B. <u>Violation of Federal Rights</u>

To be deprived of a federal civil right, the defendant's action needs to either violate rights guaranteed by the U.S. Constitution or an enforceable right created by federal law.[38] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[39] Section 1983 does not provide a mechanism for remedying alleged violations of state law.[40] Therefore, a violation of Alaska Statute 09.45.060 cannot be brought under Section 1983.[41] Additionally, for the reasons below, Plaintiff fails to sufficiently plead either a Second or Fourth Amendment constitutional violation.

*1. Second Amendment*

The Second Amendment of the United States Constitution states: "A well

---

[37] *See Rizzo*, 423 U.S. at 371-72, 377.

[38] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[39] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[40] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[41] The Court notes that Alaska Statute 09.45.060 is civil statute of the State of Alaska that prohibits forcible entry on real property in actions relating to real property, "except in cases where entry is given by law," such as with a valid search warrant.

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 9 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 9 of 19

regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." The Second Amendment "creates an individual right to keep and bear arms for self-defense."**42** The Second Amendment is made applicable to the States through the Fourteenth Amendment.**43** However, the right to bear arms is not without restriction. Recently, the United States Supreme Court held that: "An individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment."**44** The Complaint fails to allege if Plaintiff challenges the Defendants' actions, the applicability of a state law, or the removal of firearms related to the protective order at issue in 4FA-24-00113CR. Accordingly, the Complaint fails to allege a violation of the Second Amendment.

  *2. Fourth Amendment*

The Complaint broadly alleges an illegal search and seizure. In order to properly plead those claims, Plaintiff must allege sufficient plausible facts that if proven true would fulfill the required elements of each claim. For the reasons below, the Complaint does not articulate sufficient factual detail that if proven true

---

[42] *Wolford v. Lopez*, 116 F.4th 959, 976 (9th Cir. 2024) (relying on *District of Columbia v. Heller*, 554 U.S. 570, 602 (2008)).

[43] *Wolford*, 116 F.4th at 976 (citing to *McDonald v. City of Chicago*, 561 U.S. 742, 791 (plurality opinion).

[44] *United States v. Rahimi*, 602 U.S.___, 144 S.Ct. 1889, 1903 (2024) (upholding a federal law criminalizing an individual's possession of a firearm in violation of a civil protective order).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 10 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 10 of 19

would state a claim for a constitutional violation of Plaintiff's rights under the Fourth Amendment.

### i. Fourth Amendment – Search

The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable searches of their home and property. A search occurs when "the Government [or the State] obtains information by physically intruding on a constitutionally protected area" such as an individual's person, house, papers, or effects.[45] A plaintiff must plead the following elements to plead a search claim: (1) a state actor defendant searched plaintiff's [person] [home] [property]; (2) that defendant acted intentionally; and (3) the search was unreasonable.[46] When determining whether a search is reasonable, all of the circumstances are considered including, (1) the scope of the intrusion; (2) the manner in which the search occurred; (3) the justification for initiating the search; and (4) the place the search was conducted.[47]

The Court notes that if Plaintiff is challenging the issuance of a search warrant Plaintiff must (1) establish that the warrant affidavit contained misrepresentations or omissions material to the finding of probable cause, and (2) make a "substantial showing" that the misrepresentations or omissions were made

---

[45] *United States v. Jones*, 565 U.S. 400, XXX n. 3 (2012).

[46] *Bell v. Wolfish*, 441 U.S. 520, 559 (1979); *see also Byrd v. Maricopa Cnty. Sherriff's Dep't*, 629 F.3d 1135, 1141 (9th Cir. 2011) (en banc).

[47] *Bell,* 441 U.S. at 559 (1979); *see also Byrd*, 629 F.3d at 1141 (9th Cir. 2011) (en banc).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 11 of 19

intentionally or with reckless disregard for the truth.[48] However, "if probable cause remains after [the affiant's] amendment, then no constitutional error has occurred."[49]

### ii. Fourth Amendment – Seizure

The Fourth Amendment of the U.S. Constitution guarantees individuals the right to be free from unreasonable seizure of their personal property. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property."[50] A plaintiff must plead the following elements to sufficiently plead a property seizure claim: (1) a state actor defendant seized plaintiff's property; (2) that defendant acted intentionally; and (3) the seizure was unreasonable. Plaintiff must plead sufficient facts that address each of these elements by explaining when the defendants seized his property, the state of mind of defendants at that time (did they act intentionally), and why that defendant's actions were unreasonable.

In summary, Plaintiff fails to state a claim pursuant to Rule 8 of Federal Civil Procedure and the required elements of 42 U.S.C. § 1983.

---

[48] *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014).

[49] *Id*.

[50] *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027, 1030-33 (9th Cir. 2012) (recognizing homeless person's possessory interest in property left temporarily unattended, even if person was in violation of city ordinance).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 12 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 12 of 19

### III. *Heck v. Humphrey*

Given that Plaintiff's state court criminal cases have recently resulted in convictions, the Court may not be able to hear Plaintiff's claims at all. A prisoner, or convicted person, may not bring a civil rights claim under 42 U.S.C. § 1983 that collaterally attacks his state court conviction. In *Heck v. Humphrey*, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus .... A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not* cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed ....[51]

Under this doctrine, when a plaintiff who has been convicted of a state law crime seeks relief in a § 1983 suit, the federal district court must evaluate whether a judgment in the plaintiff's favor in the § 1983 suit would undermine the validity of

---

[51] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 13 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 13 of 19

the state court conviction.[52]  In practical application, *Heck* "bars a plaintiff's action if it would negate an element of the offense . . . or allege facts inconsistent with the plaintiff's conviction[.]"[53]  This rule applies regardless of whether the prisoner seeks damages or injunctive relief or who the target of the suit is, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[54]

In summary, if the search of Plaintiff's home resulted in one or more of Plaintiff's recent convictions, and the alleged constitutional violations would negate a required element of the offense of conviction, the Court may not hear the claim unless and until the conviction has been overturned.  When Plaintiff fled this action in May 2024, Plaintiff did not plead that his civil rights claims are interrelated with his state court criminal proceedings, except to mention his incarceration time.  However, the Court cautions Plaintiff as to the possible applicability of *Heck v. Humphrey*, because his recent convictions likely preclude civil rights relief, even if properly plead.  Any amended complaint will need to address how the facts of his claims do not implicate one or more of his recent convictions.

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[55]  Any

---

[52] *Lemos v. Cty. of Sonoma*, 5 F.4th 979, 983 (9th Cir. 2021).

[53] *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–71 (9th Cir. 2021) (relying on *Smith v. Cty. of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) and *Beets v. Cnty. of Los Angeles*, 669 F.3d 1038, 1046 (9th Cir. 2012).

[54] *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

[55] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 14 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 14 of 19

claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[56] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case in an amended complaint.[57] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[58] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[59] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to him, (2) when that harm

---

[56] Fed. R. Civ. P. 8(a)(2).

[57] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[58] Fed. Rule Civ. Proc. 8(a)(2).

[59] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 15 of 19
Case 4:24-cv-00015-SLG  Document 5  Filed 11/04/24  Page 15 of 19

occurred, (3) where that harm was caused, and (4) who he is alleging caused that specific harm to him.  Further, Plaintiff must meet the pleading requirements of 42 U.S.C. § 1983, as explained above.

In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[60]  Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.  Neither the Court nor the defendants are required to search through a plaintiff's complaint in an effort to try to pull out facts and allegation regarding each defendant.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**.  The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order.  An amended

---

[60] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 16 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 16 of 19

     complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

  b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3.  If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4.  Plaintiff's application to waive prepayment of the filing fee at Docket 3 is **GRANTED**.

5.  Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[61] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

6.  If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to

---

[61] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 17 of 19
Case 4:24-cv-00015-SLG  Document 5  Filed 11/04/24  Page 17 of 19

Waive the Filing Fee (Form PS11).[62]  Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[63] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[64] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

---

[62] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[63] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[64] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 4th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00015-SLG; *Cornette v. Altepeter, et al.*
Screening Order
Page 19 of 19
Case 4:24-cv-00015-SLG   Document 5   Filed 11/04/24   Page 19 of 19